MARFICO, INC., PLAINTIFF-RESPONDENT, v. RELIANCE
INSURANCE COMPANY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 1, 1976—Decided November 15, 1976.

Before Judges BISCHOFF, MORGAN and COLLESTER.

*Mr. Frank L. Brunetti* argued the cause for appellant (*Messrs. Lamb, Hutchinson, Chappell, Ryan & Hartung,* attorneys; *Mr. Raymond J. Lamb,* of counsel).

PER CURIAM. Defendant Reliance Insurance Company appeals from a judgment in the amount of $4,413 plus interest, entered in favor of plaintiff Marfico, Inc. The appeal is not opposed and the single issue presented relates to the priorities of the parties in and to certain unearned premiums in the possession of defendant.

Plaintiff, a premium financing company, entered into an agreement with one Vamco on October 26, 1973, wherein Vamco agreed to make a cash payment to Marfico in the amount of $3,350 and make eight monthly installment payments of $1,046.75 each. Marfico, in turn, agreed to pay defendant the sum of $11,553, representing the full premium on two insurance policies to be issued with Vamco as the named insured. Marfico made the payment to defendant, and the policies were issued and went into effect.

The two policies were cancelled by Marfico on May 16, 1973 and June 29, 1973, when Vamco defaulted on its installment obligation. The unearned premiums on the policies totalled $4,413. The commercial premium finance agreement between Marfico and Vamco provided for the assignment of the unearned premiums to Marfico in the following terms:

As security for the indebtedness evidenced hereby, the insured hereby assigns the payee any and all sums which may be or become payable to the insured in connection with or on account of said policy including . . . (b) any unearned premiums which may become due on account of cancellation of said policy at any time by the insured, the payee or the insurance company. * * *

Upon cancellation of the insurance policies, Marfico demanded of defendant the unearned premiums. Defendant re-

fused to pay because during the period of the agreement between Marfico and Vamco, and prior thereto, Vamco had defaulted on certain obligations between it and defendant, as a result of which Vamco owed defendant the sum of $11,927.33.

Defendant contends it is entitled to set off the unearned premiums on the two policies financed by Marfico against the total sum due and owing it by Vamco. In support of this contention defendant relies on the Uniform Commercial Code, specifically *N. J. S. A.* 12A:9–318.

We disagree. Whatever the situation may be between plaintiff Marfico and Vamco as to the applicability of the Uniform Commercial Code, it is clear that the controlling statute as between plaintiff and defendant is the Insurance Premium Finance Company Act, *N. J. S. A.* 17:16D–1 *et seq.*

At the time the parties entered into this premium finance agreement, *N. J. S. A.* 17:16D–14 provided, in pertinent part:

Whenever a financed insurance contract is canceled, the insurer on notice of such financing shall return whatever gross unearned premiums are due under the insurance contract to the premium finance company for the account of the insured or insureds.

Defendant does not deny that it had due notice of the assignment of the policies and of the financing agreement. The statute is clearly applicable.

Here defendant knew the premiums on the policy were being financed and the terms of the financing agreement. It accepted the risk with knowledge of the fact that any unearned premiums generated by the cancellation of the financed policies provided collateral for the financing. Defendant has no right to set off the unearned premiums on these two policies against other sums due from its insured, Vamco. *Cf. Spilka v. South America Managers, Inc.,* 54 *N. J.* 452 (1969).

Affirmed.